*868 Carswell, Adel and Sneed, JJ., concur; Nolan, P. J., concurs in the determination that the judgment should be reversed and a new trial ordered, but votes to reverse on the law and the facts, for the reasons stated by the majority, and for the further reason that the finding of negligence on the part of the defendant is contrary to the weight of the evidence. While there is evidence in the record sufficient to sustain a finding that intrapartum psychosis is a recognized danger in pregnancy, it is also apparent from the evidence that it is an extremely rare occurrence, and there is no evidence that such a psychosis is ordinarily accompanied by suicidal tendencies. The. defendant was required to exercise only the care necessary to guard against dangers which were reasonably foreseeable. The risk to be foreseen defines the duty to be obeyed. (Palsgraf v. Long Island R. R. Co., 248 N. Y. 339; Calabria v. State of New York, 289 N. Y. 613.) On the evidence adduced, an injury to deceased, or to her unborn infant, due to a failure to get her to the delivery room at the proper time, was all that in reason could have been expected. It was not shown that there was any reasonable ground for apprehending her death in the manner in which it occurred, or a suicidal tendency on her part. Sufficient attendance and observation to guard against the expected hazard was given. If, in addition to such attendance and care, which was that ordinarily furnished by defendant under similar circumstances, constant visual observation was necessary, a determination to that effect should have been made by the attending physician, or the nurse in attendance. A failure so to determine, if negligent, was a professional error, and was not the breach of an administrative duty for which defendant could be cast in liability. MaeCrate, J., dissents and votes to affirm with the following memorandum: It was for the jury to say whether the deceased was about to be delivered of a child and whether reasonable care required the defendant to have a nurse in constant attendance, and if constant attendance required that the deceased should always be in the line of vision of the nurse. It was likewise for the jury to say whether the defendant should have known that intrapartum psychosis is a hazard of the period of labor and whether defendant could reasonably anticipate that some harm would come to a patient seized by such a psychosis in the absence of constant attendance or of some substitute for such attendance. The defendant cannot escape liability for neglect of duty because it could not foresee the exact nature of the injury that might result from its conduct. (Poplar v. Bourjois, Inc., 298 N. Y. 62.) The duty to supply a nurse was administrative. The requirement that the nurse answer telephone calls was also administrative. (Volk v. City of New York, 284 N. Y. 279, 284.) When the latter duty was performed the jury could say there was failure to perform the first duty owing to the deceased. The jury may have concluded, as did defendant’s superintendent, that if a nurse had been present the deceased would have been prevented from going through the window. The jury may also have determined that, since the defendant saw fit to place an administrative duty to answer the telephone on the nurse and thus remove a human protection to the deceased against self harm, reasonable care required that defendant should have placed a substitute protection on the window or at least closed it. It was for the jury to say whether the defendant in the conduct of its hospital should have known that *869 in the literature dealing with childbirth there were reported deaths by suicide occurring in the period of labor.